UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN WHIPPLE,<br><br>　　　　　Defendant. | Case No. 12-cr-00119-SI-1<br><br>**ORDER DENYING DEFENDANT JUSTIN WHIPPLE'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 1738 |

Defendant Justin Whipple has filed a motion for compassionate release that is noticed for a hearing on June 19, 2020. The Court determines that the matter is suitable for resolution without oral argument. For the reasons set forth below, the Court DENIES defendant's motion.

**DISCUSSION**

Defendant Justin Whipple pled guilty to one count of RICO conspiracy pursuant to 18 U.S.C. § 1962(d), four counts of attempted murder in aid of racketeering pursuant to 18 U.S.C. § 1959(a), and two counts of use/possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. §§ 924(j)(1), and (c)(1)(A). Mr. Whipple is currently serving a 168-month sentence at FCI Oakdale in Oakdale, Louisiana, and his projected release date is April 7, 2024. Mr. Whipple is 28 years old.

Defendant has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he tested positive for COVID-19 on May 13, 2020, and he has an underlying medical condition – moderate to severe asthma – that makes him particularly vulnerable to developing complications from the virus. In support of the motion, defense counsel has filed a declaration stating that in preparation for the filing of this motion, she has spoken to Mr. Whipple once and exchanged written messages with him, and that based upon those exchanges she has learned the following:

> On March 21 or 22, 2020, Mr. Whipple and three cellmates began experiencing fever, headaches, dizziness, no smell or taste. On March 24, 2020, they reported their symptoms to medical staff. On March 25, 2020, he was screened by medical staff and removed from his housing unit to quarantine, with many others presumed to be sick.[1] On April 1, 2020, his cellmate Nicholas Rodriguez (#19868-111) died of COVID-19. On April 10, 2020, he and 75-80 other inmates from quarantine were moved to a "tent-city" in the recreation yard, sleeping in 20-man tents. On three occasions over the following 18 days, storm warnings caused danger to sleeping in tents, so the entire group of 75-80 men were ordered to sleep in a small Chapel, literally shoulder to shoulder on the floor. On April 28, 2020, Mr. Whipple was moved from the "tent-city" to a dorm style housing unit, where he remained until he was put back into quarantine on May 20, 2020.
>
> The intervening event, which led Mr. Whipple to be re-quarantined, was the COVID-19 test. On May 13, 2020, almost two months after the initial outbreak, Mr. Whipple was finally given a COVID-19 test. On May 20, 2020, he was moved back into quarantine, but was only told that he might be positive. He waited [four] long days until May 24, 2020, when he learned he tested positive. He mailed his test results to me, and after redacting sensitive information the one-page document is attached to this motion as Exhibit B.
>
> Mr. Whipple has been informed that he will be in quarantine until mid-June 2020. When he last spoke to counsel on May 27, 2020, Mr. Whipple reported that he was not at that time experiencing current COVID-19 symptoms. However, he is very concerned that the virus is continuing to spread through the facility, because he is

---

[1] According to defendant's reply brief, at the March 25, 2020 medical screening, defendant did not have a fever and he reported that he was not experiencing any symptoms at that time. Dkt. No. 1743 at 3.

2

> quarantined along with all of the other COVID-19 positive inmates. Although they are each in an individual cell, the air circulates from one cell to another freely.

Sheridan Decl. at 2 (Dkt. No. 1738-1). Defense counsel's declaration also states that she spoke to defendant's mother, Kathy Mitchell, and that Ms. Mitchell reported that defendant was treated for asthma as a child and that he used an inhaler, and that *inter alia* he was admitted to the emergency room 8-10 times from age 7 to approximately 14. *Id.* at 1. Ms. Mitchell also reported to defense counsel that defendant stopped using the inhalers as frequently in his later teens. *Id.*[2] According to Ms. Sheridan's declaration, Mr. Whipple confirmed to defense counsel that he has not used an inhaler for asthma symptoms while in BOP custody, though he also reports that when he gets sick with a cold or flu, he has experienced trouble breathing and wheezing in his lungs. *Id.* at 2. Defendant requests that the Court reduce his sentence to time served and to order his immediate release into home confinement with his mother and her fiancé.

The government objects on numerous grounds. It argues that Mr. Whipple has not shown "extraordinary and compelling" reasons because, although Mr. Whipple has tested positive for COVID-19, his BOP medical records show that he has not developed complications and instead has remained asymptomatic.[3] The government also notes that defendant's Presentence Investigation Report stated he did not have any serious or chronic health issues, and that his BOP medical records do not reflect any diagnosis or treatment for asthma. The government argues that notwithstanding the COVID-19 diagnosis, given his young age (28) and generally good health, defendant has not shown that he is at a particularly higher risk of severe illness or death as a result of the virus. The government also argues that defendant is a danger to others given the seriousness of the underlying convictions, including that defendant admitted his guilt and involvement in a triple murder and

---

[2] Defendant's reply brief states that counsel obtained Mr. Whipple's medical records from Kaiser showing his treatment for asthma as a child and prior to being incarcerated. Although the reply brief states that those records would be filed under seal, they have not.

[3] At defense counsel's request, the government obtained defendant's BOP medical records and provided those records to defense counsel. Although defendant's reply brief states that those records were going to be filed under seal, they have not and thus the Court does not have those records. In any event, the parties appear to agree that the BOP records show that Mr. Whipple has remained asymptomatic, and that the BOP records show that Mr. Whipple has not required treatment at any time in the last 8 years for asthma.

3

United States District Court
Northern District of California

attempted murder of four others, three of whom were actually shot.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted. The Court is very concerned about the spread of COVID-19 in the federal prison system, and especially about the outbreak at FCI Oakdale. However, while defendant tested positive on May 13 for the virus, the Court finds it significant that he has remained largely[4] asymptomatic, that he appears to be in generally good health, and that he has not required treatment for his asthma during the 8 years he has been in BOP custody. The Court finds that on this record Mr. Whipple is not currently "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 cmt. N.1(A)(ii)(I).

Accordingly, the Court DENIES defendant's motion. The Court is not unsympathetic to the concerns defendant has raised about the conditions at FCI Oakdale and his own personal health. Defendant's motion is denied without prejudice to renewal in the event his health significantly deteriorates.

**IT IS SO ORDERED**.

Dated: June 18, 2020

SUSAN ILLSTON
United States District Judge

[4] Defendant asserts that he did complain of symptoms on March 21 or 22, but he concedes that he has not reported experiencing any symptoms after that date.